UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

AGOSTINHO MESQUITA ORFAO,         :
   Plaintiff,                     :
                                  :
v.                                :  Civil No. 3:16CV942 (AWT)
                                  :
NANCY A. BERRYHILL,               :
ACTING COMMISSIONER OF SOCIAL     :
SECURITY,                         :
   Defendant.                     :

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

Plaintiff Agostinho Orfao has appealed under § 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), a final decision by the Commissioner denying his application for disability insurance benefits.  The plaintiff has filed a motion for reversal or remand, and the Commissioner has filed a motion for an order affirming the Commissioner's decision.  For the reasons set forth below, the court concludes that the findings by the Administrative Law Judge (ALJ) are supported by substantial evidence, and the Commissioner's final decision should be affirmed.

## Legal Standard

"A district court reviewing a final [] decision . . . [of the Commissioner of Social Security] pursuant to section 205(g) of the Social Security Act, 42 U.S.§ 405(g), is performing an appellate function."  Zambrana v. Califano, 651 F.2d 842, 844

(2d Cir. 1981). The court may not make a de novo determination of whether a plaintiff is disabled in reviewing a denial of disability benefits. See Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the court's function is to ascertain whether the Commissioner applied the correct legal principles in reaching a conclusion and whether the decision is supported by substantial evidence. See Johnson v. Bowen, 817 F.2d 983, 985 (2d Cir. 1987). The Second Circuit has defined substantial evidence as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence must be "more than a mere scintilla or touch of proof here and there in the record." Williams, 859 F.2d at 258. Therefore, absent legal error, this court may not set aside the decision of the Commissioner if it is supported by substantial evidence. See Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982); 42 U.S.C. § 405(g)("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Further, if the Commissioner's decision is supported by substantial evidence, that decision will be sustained, even where there may also be substantial evidence to support the plaintiff's contrary

position.  See Schauer v. Schweiker, 675 F.2d 55, 57 (2d Cir. 1982).

## **Substantial Evidence**

The plaintiff filed an application for a period of disability and disability insurance benefits, alleging disability beginning January 24, 2012.  His earnings record shows that he had acquired sufficient quarters of coverage to remain insured through December 31, 2016, so he was required to establish disability on or before that date.  The ALJ "considered the following applicable listings:  4.02 (chronic heart failure), 4.06 (symptomatic congenital heart disease) and 12.06 (anxiety-related disorders)."  R. at 18.  The plaintiff does not dispute the ALJ's determination with respect to his anxiety-related disorders, so that is not discussed in this order.

In reaching his conclusion that the plaintiff had the residual capacity to perform medium work, subject to certain limitations, the ALJ took into account the medical evidence from the plaintiff's treating physicians as well as the opinions of state agency non-examining medical physicians who had reviewed the plaintiff's records.

The ALJ accurately summarized the plaintiff's medical history.  With respect to the earlier portion of that history the Decision states:

3

> The record fails to support the claimant's allegations in their entirety. It does establish that he had a history of heart murmur and in 2009, he was found to have critical aortic valve stenosis, requiring valve replacement (Exhibit 1F). At the time, his symptoms were increasing shortness of breath and chest tightness. Post-operatively, he recovered well, but has complained of persistent shortness of breath. Cardiology follow-up records indicate that he underwent a number of diagnostic tests, including EKG, stress test, cardiac catheterization. His stress test in May 2012 revealed reversible ischemia, but catheterization revealed only mild coronary artery disease without any obstructive lesions, normal heart pressures and oxygen saturations and normal aortic valve function (Exhibit 3F; duplicate records at Exhibit 5F). Following this battery of tests, it was concluded that "it does not appear that any of his symptoms of chest discomfort and shortness of breath are secondary to cardiac etiology" (Id. at page 2; *see also* Exhibit 5F at page 44). All pulmonary and cardiac testing to determine the cause of his shortness of breath has been negative and "completely within normal limits" (Exhibit 5F at pages 9, 56, 57; *see also* Exhibit 6F). A chest CT scan was also normal (Id. at page 70). On repeated exams, he has no wheezing, rhonchi, crackles, or rales. Breath sounds and arterial pulses are normal. Heart rate and rhythm are normal with no abnormal heart sounds or murmurs. He has no lower extremity edema, cyanosis, distal extremity coldness, dysphagia, orthopnea, sputum, fevers, chills, or hemoptysis.

R. at 21.

The ALJ noted that the plaintiff saw Prasad Srinivasan, M.D. in April 2012 for complaints of chest congestion, chest tightness and cough which had been present for over one year; that the doctor found that the pulmonary function studies were

4

normal, taking note of the plaintiff's history of asthma and allergies; that "[a]llergy testing revealed sensitivity to dust, mold, dust mites, grasses, trees, weeds, cats and dogs", and "Dr. Srinivasan's impression was bronchial asthma"; and that the doctor discussed with the plaintiff environmental controls as well as medication. R. at 22.

The ALJ noted that when the plaintiff saw his primary care doctor in August and October 2012 he reported shortness of breath but was described as stable. He was observed getting winded with talking and frequently clearing his throat but all other exam findings were unremarkable. The record reflects that the plaintiff was repeatedly advised to engage in regular exercise. When the plaintiff saw his primary care doctor again in November 2012, after traveling to Portugal for four weeks and not following a low-fat diet, he did not complain of any difficulties with traveling overseas for a month and reported that his shortness of breath was a bit better. When he saw his cardiologist in February 2013, the doctor noted that he was "stable from a clinical standpoint". Ex. 12F p.3; R. at 543. Then, in September 2013 his cardiologist described his persistent symptoms as "allergic". Ex. 12F pp.5, 7; R. at 545, 547. The ALJ noted that the plaintiff continued to be seen at six-month intervals, had remained stable, and that the March

5

2014 notes of his cardiologist reflect that he had remained stable.

The ALJ highlighted the fact that "in April 2014, the [plaintiff]'s primary care doctor noted that he had 'no complaints of chest pain, sob [shortness of breath], palpitations, nausea, diarrhea, fever, headache, dizziness or any other complaints' . . . . Pulmonary function studies were repeated at this time and were again 'normal'." R. at 22 (citing Ex. 14F pp.2, 23). Although the plaintiff contends that "the ALJ focuses on a single medical visit (Dr. Singh, 4/14/14) in which the plaintiff apparently reported no complaints", Pl.'s Reversal/Remand Mem. ("Pl.'s Mem.") (Doc. No. 16-1) at 10, the ALJ does not rely on this visit but simply highlights it appropriately.

The ALJ also considered and placed evidentiary weight on the administrative findings of fact made by the state agency non-examining medical physicians, which were not inconsistent with the medical evidence.

There was no legal error here. Thus, in light of the foregoing, it is apparent that the evidence relied on by the ALJ was "more than a mere scintilla or touch of proof here and there in the record" and, indeed, was evidence that a reasonable mind might accept as adequate to support the ALJs conclusion.

6

## **Credibility Determination**

The ALJ determined that the plaintiff's subjective complaints were not fully credible. The plaintiff argues that "the record and decision is devoid of any reason as to why his credibility should be impugned." Pl.'s Mem. at 12.

In determining credibility, the ALJ must first determine if the claimant's pain could "reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. §§ 404.1529(a), 416.929(a). If so, the ALJ assesses the claimant's credibility with respect to the alleged pain symptoms. "[A] claimant's subjective evidence of pain is entitled to great weight where . . . it is supported by objective medical evidence." Skillman v. Astrue, No. 08-CV-6481, 2010 WL 2541279, at *6 (W.D.N.Y. June 18, 2010) (citing Simmons v. U.S.R.R. Retirement Bd., 982 F.2d 49, 56 (2d Cir. 1992)). If the objective evidence does not support the plaintiff's testimony with respect to functional limitations and pain, the ALJ considers the factors set forth in 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). See Skillman, 2010 WL 2541279, at *6. These factors include daily living activities, any medications and treatments and their efficacy, and any other relevant factors. See 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

7

The ALJ "is not required to accept the claimant's subjective complaints without question; he may exercise discretion in weighing the credibility of the claimant's testimony in light of the other evidence of record." Genier v. Astrue, 606 F.3d 46, 49 (2d Cir. 2010). "To be disabling, pain must be so severe, by itself or in combination with other impairments, to preclude any substantial gainful activity." Manzo v. Sullivan, 784 F. Supp. 1152, 1157 (D.N.J. 1991) (citing Dumas v. Schweiker, 712 F.2d 1545, 1552 (2d Cir. 1983)). The ALJ should consider medical findings, other objective evidence, and subjective evidence of pain in assessing the claimant's credibility. See id. A plaintiff's good work record is one of many factors the ALJ considers in determining a claimant's credibility. See Schaal v. Apfel, 134 F.3d 496, 502 (2d Cir. 1998).

The ALJ's "finding that the witness is not credible must . . . be set forth with sufficient specificity to permit intelligible plenary review of the record." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 260-61 (2d Cir. 1988). The "ALJ's credibility determination is generally entitled to deference on appeal." Selian v. Astrue, 708 F.3d 409, 420 (2d Cir. 2013).

Here the Decision states:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision. The claimant made a full recovery from his valve replacement surgery in 2009 and went back to substantial gainful activity for three years after that. His persistent complaints of shortness of breath have been repeatedly evaluated and found to have no cardiac or pulmonary origin. He does have allergies, but has not been able to undergo immunotherapy because he takes beta blockers for his heart, which cannot be discontinued. He is also deconditioned and obese, both of which may be contributing factors to his shortness of breath. In any event, there is no medically determinable impairment found to be the cause of his complaints and all exams and diagnostic studies are normal. None of his treating physicians state that he cannot work and while there are two brief notations from his primary care doctor in 2012 that advise him to remain out of work while he undergoes evaluation (Exhibit 5F at pages 4, 18), these notes do not support a finding that the claimant is disabled, a finding ultimately reserved to the Commissioner.

R. at 23.

Thus in reaching this conclusion the ALJ took into account factors that could precipitate and aggravate the plaintiff's symptoms, i.e., the fact that the plaintiff was deconditioned and obese and the plaintiff's work history, noting that he had continued to work three years after his valve surgery despite reporting symptoms of shortness of breath, fatigue and weakness. In addition, the ALJ had taken into account the plaintiff's daily activities, considered the nature and intensity of the

plaintiff's shortness of breath as well as the precipitating factors, and considered the plaintiff's treatment.

The Decision notes the factors that the ALJ was required to consider in addition to the objective medical evidence when assessing the credibility of the plaintiff's statements. See R. at 20. Based on the foregoing, the court concludes that the ALJ's credibility determination was supported by substantial evidence.

### **Determination at Step Five**

The plaintiff contends that the ALJ erred in finding that the plaintiff had a high school education and was able to communicate in English and that "the plaintiff qualifies for disability by meeting 'grid' rule 201.10, which applies to individuals between age 50 and 54 with a semi-skilled work background, no transferable skills, and illiterate or unable to communicate in English. Medical – Vocational Guidelines, 20 C.F.R., Part 404, Subpart P, Appendix 2." Pl.'s Mem. at 15.

Even assuming that the ALJ erred in finding that the plaintiff had a high school education and was able to communicate in English, the court agrees with the Commissioner's argument that

> regardless of his level of education or fluency in English, Plaintiff would not be considered disabled under Medical-Vocational Guidelines 203.00, which the ALJ applied as a framework. Tr. 25; 20 C.F.R. Pt. 404, Subpt. P, App. 2, Sec. 203.00. This section states that the functional

> capacity to perform medium work represents such substantial work capability at even the unskilled level that a finding of disabled is ordinarily not warranted in cases where a person can perform medium work. 20 C.F.R. Pt. 404, Subpt. P, App. 2, Sec. 203.00(b). Although it also says that an individual with a marginal education with work experience of 35 years or more doing only arduous unskilled physical labor who can no longer do that past work would be disabled despite being able to do medium work, this set of circumstances does not apply to Plaintiff. 20 C.F.R. Pt. 404, Subpt. P, App. 2, Sec. 203.00(b). Plaintiff worked for 14 years (not 35) as a press brake operator, which the vocational expert testified was semiskilled (not unskilled), medium (not "arduous") work. Tr. 60, 197. Thus, even accepting a lower level of education for Plaintiff, such exceptions would not apply to his case and his level of education does not require a determination that he is disabled.

Def.'s Mem. Affirming (Doc. No. 23-1) at 16.

Moreover the AJL's determination was based on substantial evidence by virtue of the fact that he relied on the testimony of a vocational expert to whom he had posed a hypothetical involving an individual with the same RFC as the plaintiff and who was the same age as the plaintiff and had the plaintiff's education and work experience. This question was posed after the plaintiff's testimony that he only finished the sixth grade, so the vocational expert based her opinion on that information and the ALJ could reasonably rely on it. See McIntyre v. Colvin, 758 F.3d 146, 152 (2d Cir. 2014) (holding that ALJ reasonably credited vocational expert's testimony where it had been given on the basis of expert professional experience and

clinical judgment and where it had not been undermined by any evidence).

## Conclusion

For the reasons set forth above, the Defendant's Motion for an Order Affirming the Decision of the Commissioner (Doc. No. 23) is hereby GRANTED, and Plaintiff's Motion for Reversal of Commissioner's Decision (Doc. No. 16) is hereby DENIED.

The Clerk shall enter Judgment accordingly and close this case.

It is so ordered.

Dated this 26th day of February 2018, at Hartford, Connecticut.

                                                /s/AWT
                                       Alvin W. Thompson
                                United States District Judge